[J-75-2019] [MO:Dougherty, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT**

| | | |
|---|---|---|
| EASTON AREA SCHOOL DISTRICT, | : | No. 13 MAP 2019 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court at No. 1897 |
| | : | CD 2017 dated July 20, 2018 |
| v. | : | Affirming the Order of the |
| | : | Northampton County Court of |
| | : | Common Pleas, Civil Division, at No. |
| RUDY MILLER AND THE EXPRESS | : | C-0048-CV-2017- 5558 dated |
| TIMES, | : | December 1, 2017, exited December |
| | : | 5, 2017. |
| Appellees | : | |
| | : | ARGUED:  September 12, 2019 |

**CONCURRING AND DISSENTING OPINION**

**JUSTICE BAER**                                                    **DECIDED:  June 18, 2020**

In this appeal, the Easton Area School District (District) contends that it is entitled to withhold from disclosure a school bus surveillance video, requested by Rudy Miller and *The Express Times* (collectively, Requester), under Subsection 708(b)(1)(i) of the Right-to-Know Law (RTKL), 65 P.S. § 67.708(b)(1)(i) (exempting from access "[a] record, the disclosure of which[] … would result in the loss of Federal or State funds by an agency or the Commonwealth").  I agree with the Majority that this contention fails because the District has not met its burden to prove that disclosure of the video would result in the loss of federal funding pursuant to the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, as it claims.

More specifically, as explained by the Majority, Subsections 1232g(b)(1)-(2) of FERPA generally provide that federal funding shall be made unavailable to educational agencies or institutions that have a policy or practice of releasing certain information

outside of the manner in which FERPA prescribes. Maj. Op. at 3.[1] Here, the District has failed to establish that, *inter alia*, it has a policy or practice of releasing information-- through its release of the requested video or otherwise--in contravention of FERPA's provisions that would result in the loss of funding under that federal act.[2] Accordingly, the District has not met its burden under Subsection 708(b)(1)(i) of the RTKL, and thus cannot refuse to release the video under that provision. As the Majority as well as the Commonwealth Court reached the same conclusion and because, in my view, the District's entitlement to application of Subsection 708(b)(1)(i) is the only issue properly before this Court, I would affirm the order of the Commonwealth Court.

The Majority, however, observes improperly that the issue upon which we granted review additionally implicates whether the video constitutes a "public record" under Section 102 of the RTKL and can be withheld under Subsection 305(a)(3) of the RTKL because it is exempt from disclosure "under any other Federal … law or regulation," *i.e.*, FERPA. *See* 65 P.S. § 67.102 (defining a "public record," in part, as a record that "is not exempt from being disclosed under any other Federal … law or regulation"); *id.*

_____

[1] *See* Maj. Op. at pp. 14-16 for the relevant language and a fuller discussion of the requirements regarding Subsections 1232g(b)(1)-(2).

[2] The Majority also notes that the District has not alleged or demonstrated that it is an educational agency or institution that receives, or is eligible to receive, funding through an applicable program that is subject to loss under FERPA in the first instance. While the Majority opines that "such an omission may prove fatal to an agency's attempt to invoke FERPA as a basis for withholding records pursuant to a RTKL request," it declines to view the omission as fatal under the circumstances of this case, where neither Requester nor the lower tribunals have noted the District's failure and the information is available in the public domain. Maj. Op. at 16. However, it is the District's burden to prove its entitlement to the RTKL exemption it claims, in its entirety, by a preponderance of the evidence. *See* 65 P.S. § 67.708(a)(1). Accordingly, unlike the Majority, I would not "accept for purposes of this analysis that the District is eligible to receive applicable funding and is therefore subject to FERPA's requirements." Maj. Op. at 16. Instead, I would hold that the District's omission serves as an additional basis for finding that it failed to meet its burden to show its entitlement to withhold the requested video under Subsection 708(b)(1)(i) of the RTKL.

§ 67.305(a)(3) (providing that a record in the possession of a local agency is presumed to be a public record unless, *inter alia*, "the record is exempt from disclosure under any other Federal … law or regulation"). In doing so, the Majority proceeds to conclude that: (1) FERPA prohibits the release of the student images depicted in the video, though not the video itself, and (2) therefore, the RTKL also precludes those images from disclosure pursuant to the provisions of Section 102 and Subsection 305(a)(3).

However, in this appeal, the District has failed to present a developed claim that it is entitled to withhold the video or any component thereof from disclosure on the discrete bases of Section 102 and Subsection 305(a)(3) of the RTKL as cited above. Additionally, the lower tribunals did not address the applicability of those provisions to the requested video. Further, I find it questionable that FERPA operates to prohibit disclosure of the information it covers outright, rather than protect it through the mechanism of withholding federal funding from entities that disclose that information.[3] *See, e.g.*, *Nat'l Collegiate Athletic Ass'n v. Associated Press*, 18 So.3d 1201, 1210 (Fla. Dist. Ct. App. 2009) ("By its terms, FERPA does not prohibit the disclosure of any educational records. Instead, it operates to deprive an educational institution of its eligibility for federal funding if its policies or practices run afoul of the rights of access and privacy protected by the law."). Given these circumstances, I would not reach the issue in the case *sub judice*.

Finally, after concluding that Section 102 and Subsection 305(a)(3) of the RTKL operate to preclude disclosure of the student images depicted in the video, the Majority proceeds to discuss the balancing test set forth in *Pa. State Educ. Ass'n v. Comm., Dep't of Cmty. & Econ. Dev.*, 148 A.3d 142 (Pa. 2016) (*PSEA*). As the Majority acknowledges,

---

[3] The Majority's decision is particularly problematic in this regard, as it fails to explain in its analysis under Section 102 and Subsection 305(a)(3) of the RTKL precisely how FERPA prohibits release of protected information altogether, as opposed to merely depriving an educational institution of federal funding upon violation of its provisions.

however, the District did not raise this issue below, *see* Maj. Op. at 13, and the Commonwealth Court never discussed it. Given the District's omission in this respect and my view that the applicability of the *PSEA* balancing test is, in any event, outside of the scope of the issue upon which we granted review, I would likewise abstain from any discussion of that test.

Ultimately, I view this case as one concerning only whether the District met its burden of establishing that it is entitled to withhold the requested video under Subsection 708(b)(1)(i) of the RTKL because release of the video would result in the loss of federal funds. As noted, under the facts and circumstances of the case actually before us, I conclude that the District has not met its burden. This is not to say, however, that this burden could not be met in another case. Further, my position should not be interpreted as one foreclosing the possibility that other RTKL provisions or legal principles, not presently before the Court, may apply to exempt from disclosure a record such as the requested video in this matter. *See, e.g.*, 65 P.S. § 67.708(b)(1)(ii) (exempting records from access when their disclosure "would be reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual"). However, as no other provisions or means to withhold the video from disclosure are properly before us, and because the Commonwealth Court also concluded that the District failed to meet its burden under Subsection 708(b)(1)(i) of the RTKL, I would affirm the order of that Court.

Based on the foregoing, I agree with the Majority Opinion to the extent it concludes that the District failed to meet its burden under Subsection 708(b)(1)(i) of the RTKL and that the Commonwealth Court did not err in ordering disclosure of the requested video. However, for the reasons stated, I dissent from the opinion insofar as it directs that the

student images contained in the video be redacted pursuant to Section 102 and Subsection 305(a)(3) of the RTKL, and the *PSEA* balancing test.[4]

Justice Wecht joins this concurring and dissenting opinion.

---

[4] As a final point, while I find no legal basis in this case upon which to conclude that the student images must be redacted from the requested video, I nonetheless see no obstacle to redaction given that, as noted by the Majority, Requester does not seek disclosure of the identity of the student(s) involved.